**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

DOUGLAS CHARLES SHAFFER,          )
                                  )
      Plaintiff,                  )
                                  )
vs.                               )          NO. CIV-09-167-D
                                  )
SKECHERS, USA, INC., a foreign    )
 corporation,                     )
                                  )
      Defendant.                  )

## ORDER

Before the Court is the Defendant's Motion to Dismiss [Doc. No. 19]. Defendant seeks

dismissal of this action on two grounds: 1) service of process was defective because Plaintiff did not

comply with the Oklahoma statute governing service of process by mail, as required by Fed. R. Civ.

P. 4(h) and 4(e); and 2) the Court lacks subject matter jurisdiction because Plaintiff cannot recover

the requisite jurisdictional amount. Plaintiff has responded to the Motion, and Defendant has filed

a reply brief.

Background:

Plaintiff, an Oklahoma inmate who appears *pro se*, brought this action seeking damages for

injuries caused by allegedly defective shoes manufactured by Defendant. According to Plaintiff, he

purchased the shoes at a cost of $38.00; after wearing the shoes for several days, he noticed that a

severe blister, which he describes as a hole, appeared on his ankle. He contends that the injury was

caused by the construction of the shoe, which rubbed his foot or ankle severely. According to

Plaintiff, he was unable to wear the shoes and, while his ankle was healing, was required to wear

shoes issued by the facility where he is incarcerated. As a result, Plaintiff contends a knee injury

was aggravated. Plaintiff asserts a products liability claim, alleging that the shoes were defectively

designed and marketed by Defendant; he seeks actual and punitive damages.

<u>Sufficiency of service of process:</u>

Defendant contends this action should be dismissed because Plaintiff did not properly serve it with a summons and copy of the Complaint.  Defendant's argument  is based on Plaintiff 's failure to comply with the Oklahoma statute governing service of process by mail because he did not restrict delivery to the addressee.  Okla. Stat. tit. 12 § 2004(C)(2) provides that service by mail "shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee."  Defendant attaches the return receipt reflecting service by certified mail, which shows the box designated for restricted delivery is not checked. Defendant's Ex. 1.  As Defendant points out, the Federal Rules of Civil Procedure provide that service may be accomplished, *inter alia*, by complying with the applicable state statutory procedure. Fed. R. Civ. P. 4(e)(1).   Defendant further argues that the service is defective because certified mail must be accepted or refused by "any officer or by any employee of the registered office or principal place of business who is authorized to or who regularly receives certified mail."  Okla. Stat. tit. 12 § 2004(C)(2).   Defendant states it "is doubtful that acceptance by a secretary at Skechers comports with this statutory requirement which is calculated to provide actual notice to those persons within a corporation who possess decision-making authority."  Defendant's Brief, p. 2.

As the Tenth Circuit has noted, however, strict compliance with the Oklahoma statute governing service by mail is not required.  *Hukill v. Oklahoma Native American Domestic Violence Coalition,* 542 F. 3d 794, 798 (10th Cir. 2008).    In *Hukill*, the Circuit rejected the contention that effective service requires strict compliance with the statute, concluding that substantial compliance is sufficient:

> [T]he Oklahoma Supreme court definitively adopted this rule in *Graff v. Kelly*, 814
> P.2d 489, 495 (Okla.1991) ("We conclude and so hold that the Oklahoma Pleading
> Code requires <u>substantial compliance</u> in order for the trial court to have jurisdiction
> over the person of the defendant."). Nor have we found any Oklahoma Supreme
> Court case after *Graff* explicitly applying a strict compliance rule.

*Id.* (emphasis added).   To determine whether substantial compliance has occurred, the Court must

consider the circumstances and "'determine whether the found departure offends the standards of

due process and thus may be deemed to have deprived a party of its fundamental right to notice.'"

*Hukill*, 542 F. 3d at 798 (quoting *Shamblin v. Beasley*, 967 P. 2d 1200, 1209 (Okla. 1998). "'The

adopted test requires that under <u>all the circumstances present in a case</u> there be a <u>reasonable</u>

<u>probability</u> the service of process employed apprizes its recipient of the plaintiff's pressed demands

and the result attendant to default.'" *Id.* at 799 (quoting *Vance v. Federal National Mortgage Ass'n*,

988 P. 2d 1275, 1279-80 (Okla. 1999) (emphasis in original).

   In this case, the circumstances evidenced by the record reflect that, notwithstanding

Plaintiff's failure to check the restricted delivery box on the certified mail receipt, that failure does

not offend the standards of due process.   That Defendant's right to notice was not impaired is

evidenced by the fact that actual notice of the lawsuit was received.     As Plaintiff points out,

Defendant filed a Motion for an Extension of Time to respond to the Complaint  [Doc. No. 14].

In that Motion, Defendant explained  the Complaint was not received by Defendant's  registered

service agent, but was forwarded to the appropriate party for response.   The Court granted

Defendant's Motion [Doc. No. 15].  Defendant then  retained counsel, who entered an appearance

on behalf of Defendant, and filed its Motion to Dismiss.  Although Plaintiff had sought a default

judgment for Defendant's failure to timely answer [Doc. No. 4], the Court denied that motion[1] [Doc. No. 29].

It is apparent that Defendant's right to notice of the Complaint and the allegations against it has not been impeded by Plaintiff's failure to check the restricted delivery box on the certified mail receipt utilized in this case.  Accordingly, the Court concludes that Plaintiff substantially complied with the applicable statute, and the motion is denied.

Defendant also argues service is deficient because the person who signed the certified mail receipt may not have been authorized to do so.  Although Defendant suggests that a  "secretary" signed the receipt,  it offers no affidavit or other evidence to show that the signatory lacked the requisite authority to receive certified mail on behalf of Defendant.  Nor does Defendant offer legal authority to support its contention that personal jurisdiction is lacking on this basis.  As noted herein, it is apparent that notice of the lawsuit was received by someone having actual authority.   To the extent Defendant seeks dismissal on this basis, its motion is denied.

<u>Sufficiency of the jurisdictional amount</u>:

Defendant also contends that this action must be dismissed for lack of subject matter jurisdiction.  As it correctly notes, federal court jurisdiction is based on the diversity of the parties' citizenship.  28 U. S. C. § 1332(a).  To confer jurisdiction in this court on that basis, however, the amount in controversy must exceed the "sum or value of $75,000.00, exclusive of interest and costs."  *Id.*   Defendant argues that jurisdiction is lacking because, as a matter of law, the amount in controversy cannot satisfy the jurisdictional amount.

---

[1]In his response to Defendant's Motion to Dismiss, Plaintiff persists in arguing that Defendant was in default. As explained in the Order denying his motion for a default judgment [Doc. No. 29], the Court has determined that Defendant was not in default.  Plaintiff's argument to the contrary is without merit.

Plaintiff seeks both actual and punitive damages.  Both may be considered in determining the requisite jurisdictional amount.  *Woodmen of World Life Ins. Society v. Manganaro*, 342 F. 3d 1213, 1218 (10th Cir. 2003).   Defendant contends, however, that Plaintiff's actual and punitive damages claims cannot, as a matter of law, satisfy the jurisdictional amount.

As Defendant points out, Plaintiff has the burden of showing that jurisdiction is proper. *McPhail v. Deere & Co.*, 529 F. 3d 947, 952-53 (10th Cir. 2008).  Where a plaintiff invokes diversity jurisdiction, however, he may satisfy the burden of showing the jurisdictional amount by alleging "an amount in excess of $75,000."  *Id.,* at 953.  If so, "he will get his way, unless the defendant is able to prove 'to a legal certainty' that the plaintiff's claim cannot recover the alleged amount."  *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) and *Woodmen*, 342 F. 3d at1216-17 ).  "When a case is originally brought in federal court, the plaintiff's claimed amount is presumed to support diversity jurisdiction."  *Martin v. Franklin Capital Corp.*, 251 F. 3d 1284, 1289 (10th Cir. 2001)(citing *St. Paul*, 303 U.S. at 288-89).

In this case, Defendant contends that Plaintiff must prove the existence of the jurisdictional amount to a legal certainty.   However, the Tenth Circuit has held that the legal certainty burden does not apply to a plaintiff who chooses the federal forum, but is limited to a defendant removing the case to federal court on the basis of diversity jurisdiction.  *See McPhail*, 529 F. 3d at 923. As discussed in *McPhail*, the assessment of the "legal certainty" burden has been the subject of confusion.  *Id.*  However, the Tenth Circuit has held that, to justify dismissal based on an insufficient jurisdictional amount,   "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."  *Adams v. Reliance Standard Life Ins. Co.*, 225 F. 3d 1179, 1183 (10th Cir. 2000). Although the burden is on the party asserting jurisdiction to show " it is not a legal certainty

that the claim is less than the jurisdictional amount," the Circuit holds that "[a] plaintiff's allegations in the complaint alone can be sufficient to make this showing." *Id.* (citing *Watson v. Blankinship,* 20 F. 3d 383, 386 (10th Cir.1994)).   "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *Adams*, 225 F. 3d at 1183. (citations omitted).  Where legal certainty is contested, dismissal is generally warranted "only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction."  *Woodmen*, 342 F. 3d at 1217 (citing 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3702 (3d ed. 1998)).

Thus, under Tenth Circuit precedent, a plaintiff selecting the federal court and invoking diversity jurisdiction may satisfy the "legal certainty" requirement of the jurisdictional minimum by alleging the requisite damages in the Complaint.  The facts alleged must, however, be sufficient to show that the recoverable damages bear a reasonable relation to the jurisdictional amount.

Defendant correctly argues that Plaintiff's assertion of the amount in controversy  must be based on a good faith belief that the claimed damages are potentially recoverable. "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Marchese v. Mt. San Rafael Hospital*, 24 F. App'x 963, 964 (10th Cir. 2001) (unpublished opinion) (quoting *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)).

Defendant suggests that Plaintiff's prayer for damages in excess of $1 million cannot be a good faith estimate of the damages reasonably recoverable in this case.  Plaintiff appears to agree,

as he subsequently requested leave to amend his prayer for relief to reduce his claimed damages.

The Court declined to grant leave to amend, noting that the recoverable damages are an issue raised

in the Motion to Dismiss. *See* Order of October 2, 2009 [Doc. No. 35].  The Court determined that

it would consider Plaintiff's request as a part of his response to the Motion to Dismiss and address

the request in ruling on that motion.

The original Complaint seeks compensation for the cost of two pairs of shoes in the amount

of $78.08,and three pairs of socks, totaling $9.00.  It also seeks compensation for pain and suffering,

loss of recreation time, and exacerbation of other physical conditions; the total sought is

$100,000.00.  Plaintiff then seeks punitive damages of $500,000.00 or "an amount equal to all

profits realized by Defendant from the manufacture and sale of the shoe style in question, whichever

is greater," and "exemplary damages in the amount of $500,000.00."  Complaint, p. 5.  Plaintiff also

seeks attorney fees and costs.  Plaintiff's Motion  to Amend the Complaint [Doc. No. 23] seeks to

alter the damages sought to the costs of the shoes and socks, $5,000.00 in compensatory damages,

$50,000.00 in punitive damages, and $50,000.00 in exemplary damages.  Plaintiff states in his

Motion to Amend that he misunderstood the requirements for seeking punitive damages under

Oklahoma law, and believed he was required to seek the maximum statutory amount.

The Court finds that Plaintiff's request to amend is a good faith effort to seek a more realistic

award of damages for the harm he contends was incurred.  The request to amend the prayer for relief

is thus granted.

Defendant contends that even these reduced amounts cannot be requested in good faith

because the Complaint fails to allege facts which could warrant the recovery of damages at this

level.  As Defendant points out, Plaintiff has not alleged that he incurred medical expenses for the

injuries allegedly caused by the shoes, nor has he pled specific facts to support his claim of pain and suffering.  In a letter sent to Defendant prior to the filing of the Complaint, Plaintiff stated that he has Raynaud's Disease, a condition which causes minor injuries to heal slowly, and creates the possibility of gangrene.[2]  His contention regarding lost recreation time is apparently based on the allegation that, when he could no longer wear the shoes, he was unable to participate in recreational activities because doing so aggravated a prior knee injury.  He also contends that "almost a month" was required to heal.  After his first injury healed, Plaintiff alleges he began wearing the second pair; he alleges that he again suffered injury to his feet or ankles.  He alleges that the injuries were caused by the hard plastic "skeleton" in the interior of the shoes; he further contends that Defendant knew or should have known of this alleged defect in the design or construction  of the shoes and that it failed to warn consumers of the same.

With respect to the actual damages claimed by Plaintiff as resulting from the pain and suffering allegedly caused by the shoes, the Court cannot conclude at this stage of the proceedings that Plaintiff has not sustained injuries which could result in an award of monetary damages. Plaintiff requests a reduction in the amount claimed to $5,000.00, and the Court finds that such request indicates his good faith in seeking a realistic amount to compensate him for actual injuries that may arguably be proven.

Defendant devotes most of its argument to its contention that, as a matter of law, Plaintiff cannot recover punitive damages.  Initially, the Court notes that punitive damages and exemplary damages are not separately recoverable elements of damages; instead, these are different labels applied to describe damages in addition to those compensating actual loss or injury.   To the extent

---

[2]Plaintiff attaches the letter as an exhibit to his Complaint, and incorporates it by reference in his allegations. *See* Complaint, Ex. 4.

8

that Plaintiff interprets the Oklahoma statute as authorizing separate awards for punitive and exemplary damages, his interpretation is incorrect.  Okla. Stat. tit. 23 § 9.1.  The subsections of the statute provide for an award of punitive damages upon proof of certain facts.  Plaintiff alleges that Defendant acted "intentionally and with malice towards others."   Pursuant to the statute, proof of such conduct could form the basis for a punitive damage award.  Okla. Stat. tit. 23 § 9.1(C).  Proof of other types of conduct specified in the statute may also form the basis for punitive damages; however, the statute does not authorize multiple awards based on its provisions.  Thus, Plaintiff's separate claim for punitive and for exemplary damages is not supported by Oklahoma law.

Defendant has thus correctly interpreted Plaintiff's request for relief as seeking a single award of punitive damages.  Initially, plaintiff sought $1 million; however, Plaintiff's request to amend reduces his prayer for punitive damages to a total of $100,000.00.

Defendant argues, however, that Plaintiff's allegations could not support any award of punitive damages.  Plaintiff's response relies heavily on *Thiry v. Armstrong World Industries*, 661 P. 2d 515 (Okla. 1983), which he apparently construes as allowing him to recover punitive damages on the theory that, in addition to the injuries he incurred, other consumers may have suffered injuries resulting from the allegedly defective shoes.  As Defendant points out, however, *Thiry* does not automatically support an award of punitive damages on that basis.  Instead, it discusses the evidence that would be required to support a punitive damages award based on one of numerous factors that are to be considered in assessing the propriety and amount of such an award.  As Defendant notes, whether any punitive damages award is warranted is a matter to be determined from the evidence. At a minimum, Plaintiff must first prove his contention that Defendant's shoes caused him injury and resulting actual or compensatory damages; if so, he may then attempt to also prove that an

additional award of punitive damages should be assessed.

Based on Plaintiff's allegations, the Court cannot conclude, at this stage of the proceedings, that Plaintiff cannot, as a matter of law, present evidence that would warrant a punitive damages award.  In construing his allegations, the Court must be guided by the rule that *pro se* pleadings must be construed more liberally than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519,520 (1972).  While the Court agrees with Defendant that the likelihood of Plaintiff's claimed  potential recovery is, at best, questionable, it cannot determine at this time that no facts could support recovery of punitive damages.   That issue is best reserved for summary disposition, if appropriate, or for trial.  Accordingly, to the extent Defendant's motion is based on the contention that punitive damages cannot be recovered as a matter of law, the motion is denied.

<u>Conclusion:</u>

In accordance with the foregoing, Defendant's motion to dismiss [Doc. No. 19] is DENIED. Plaintiff's motion to amend his prayer for relief is GRANTED, and the prayer for relief is deemed amended to seek $5,000.00 in compensatory damages, the costs of two pairs of shoes and three pairs of socks,  punitive damages in the amount of $100,000.00, and attorney fees and costs.  The action will proceed accordingly.

IT IS SO ORDERED this   16th    day of November, 2009.


_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE